# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

JOSE GABRIEL HERNANDEZ ISIDORO,

Petitioner,

v.

MICHAEL BERNACKE, *et al*.,

Respondents.

Case No. 2:25-cv-02312-RFB-NJK

**ORDER GRANTING PRELIMINARY INJUNCTION**

Pending before the Court is Petitioner Jose Gabriel Hernandez Isidoro's motion for preliminary injunctive relief (ECF No. 2), challenging the lawfulness of his detention at Nevada Southern Detention Center (NSDC) in the custody of the Federal Respondents. For the following reasons, the Court grants the Motion.

First, the Court addresses Respondents' failure to respond to the Motion. This Court ordered Respondents to show cause why this Motion should not be granted by November 24, 2025, in accordance with 28 U.S.C. § 2243. ECF No. 4. On November 25, 2025, after the deadline to show cause had already passed, Respondents filed a Motion to Extend Time to File a Response to the show cause order, requesting nine additional days to file their response and a new deadline of December 3, 2025. ECF No. 6. Petitioner filed an opposition to this request, stating that Petitioner should not bear the consequences of Respondents' "internal failure" to timely file and receive filings. ECF No. 7. In his opposition, Petitioner further asserted that he will suffer concrete prejudice in the form of additional detention without a bond hearing each day Respondents fail to respond, while Respondents, who already possess all necessary records and information concerning Petitioner's detention, will not suffer nearly the same degree of prejudice if they simply complied with the Court's ordered deadlines. Id.

As of this Order, two weeks have passed since the Court's deadline to show cause, and five

days have passed since Respondents' own requested, extended deadline. The Supreme Court has emphasized that habeas corpus proceedings, and the federal habeas statute, are intended to provide petitioners with "swift, flexible, and summary determination[s]." Preiser v. Rodriguez, 411 U.S. 475, 495 (1973) (citing 28 U.S.C. § 2243). While a respondent's failure to respond to a habeas petitioner's claims does not entitle that petitioner to default judgment, it is within the district court's discretion to enter a default judgment for petitioner in instances where respondent's failure to respond creates an excessive delay in proceedings. Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990) (citing to Ruiz v. Cady, 660 F.2d 337, 341 (7th Cir. 1981), for the proposition that district courts have discretion to enter default judgment upon a government's failure to respond creating excessive delay). Further, where a respondent is guilty of long, inadequately explained delays, courts may presume that a petitioner is being detained illegally. See Ruiz, 660 F.2d at 340-41. For these reasons, and because of the liberty interest at stake, the Court rules on the Motion and grants preliminary relief without a response from the federal Respondents, addressing the routine arguments that Respondents have raised in similar cases.[1]

---

[1] This Court has already granted petitioners relief—both preliminary and on the merits—in twenty-nine similar challenges. See Escobar Salgado v. Mattos, No. 2:25-cv-01872-RFB-EJY 2025 WL 3205356 (D. Nev. Nov. 17, 2025); see also Herrera v. Knight, No. 2:25-CV-01366-RFB-DJA, 2025 WL 2581792 (D. Nev. Sept. 5, 2025); Vazquez v. Feeley, No. 2:25-CV-01542-RFB-EJY, 2025 WL 2676082 (D. Nev. Sept. 17, 2025); Roman v. Noem, No. 2:25-CV-01684-RFB-EJY, 2025 WL 2710211 (D. Nev. Sept. 23, 2025); Carlos v. Noem, No. 2:25-CV-01900-RFB-EJY, 2025 WL 2896156 (D. Nev. Oct. 10, 2025); E.C. v. Noem, No. 2:25-CV-01789-RFB-BNW, 2025 WL 2916264 (D. Nev. Oct. 14, 2025); Perez Sanchez v. Bernacke, No. 2:25-CV-01921-RFB-MDC (D. Nev. Oct. 17, 2025); Aparicio v. Noem, No. 2:25-CV-01919-RFB-DJA, 2025 WL 2998098 (D. Nev. Oct. 23, 2025); Dominguez-Lara v. Noem, No. 2:25-CV-01553-RFB-EJY, 2025 WL 2998094 (D. Nev. Oct. 24, 2025); Bautista-Avalos v. Bernacke, 2:25-CV-01987-RFB-BNW (D. Nev. Oct 27, 2025); Arce-Cervera v. Noem, No. 2:25-CV-01895-RFB-NJK, 2025 WL 3017866 (D. Nev. Oct. 28, 2025); Alvarado Gonzalez v. Mattos, No. 2:25-CV-01599-RFB-NJK (D. Nev. Oct. 30, 2025); Rodriguez Cabrera v. Mattos, No. 2:25-cv-01551-RFB-EJY, 2025 WL 3072687 (D. Nev. Nov. 3, 2025); Berto Mendez v. Noem, No. 2:25-cv-02602-RFB-MDC, 2025 WL 3124285 (D. Nev. Nov. 7, 2025); Cornejo-Mejia v. Bernacke, No. 2:25-cv-02139-RFB-BNW, 2025 WL 3222482 (D. Nev. Nov. 18, 2025); Lucero Ortiz v. Bernacke, No. 2:25-cv-01833-RFB-NJK, 2025 WL 3237291 (D. Nev. Nov. 19, 2025); Perez Sales v. Mattos, No. 2:25-cv-01819-RFB-BNW, 2025 WL 3237366 (D. Nev. Nov. 19, 2025); Hernandez Duran v. Bernacke, No. 2:25-cv-02105-RFB-EJY, 2025 WL 3237451 (D. Nev. Nov. 19, 2025); Cabrera-Cortes v. Knight, No. 2:25-cv-01976-RFB-MDC, 2025 WL 3240971 (D. Nev. Nov. 20, 2025); Jacobo Ramirez v. Noem, No. 2:25-cv-02136-RFB-MDC, 2025 WL 3270137 (D. Nev. Nov. 24, 2025); Garcia-Arauz v. Noem, No. 2:25-cv-02117-RFB-EJY, 2025 WL 3470902 (D. Nev. Dec. 3, 2025); Silva Hernandez v. Noem, No. 2:25-cv-02304-RFB-EJY, 2025 WL 3470903 (D. Nev. Dec. 3, 2025); Reyes Cristobal v. Bernacke, No. 2:25-cv-02231-RFB-EJY, 2025 WL 3485770 (D. Nev.

On November 6, 2025, Immigration Judge (IJ) Glen Baker of the Las Vegas Immigration Court denied Petitioner bond solely on the basis that the court lacked jurisdiction under Matter of Yajure-Hurtado, 29 I&N Dec. 216 (BIA 2025) ("Hurtado"). ECF No. 1-3. This followed Petitioner's arrest by ICE officers outside his Las Vegas area workplace on October 4, 2025. DHS commenced removal proceedings against Petitioner upon detaining him; these proceedings are currently pending in the Las Vegas Immigration Court.

Petitioner is a long-time Nevada resident, native and citizen of Mexico, who entered the United States without inspection at an unknown date prior to 2001. He is the father of two U.S. citizen children, and the fiancé of a lawful permanent resident. Prior to his detention, Petitioner was the primary caregiver and financial provider for his family; he had two full-time restaurant jobs, paid his mother's rent and other bills, and provided emotional and financial support to his children, who are now suffering from insomnia, anxiety, academic decline, and fear of losing their home and their relationship with their father based on his detention. The Court has previously found in Escobar Salgado v. Mattos, No. 2:25-cv-01872-RFB-EJY, 2025 WL 3205356 (D. Nev. Nov. 17, 2025) that similarly situated petitioners who are long-term U.S. residents arrested in the interior and detained without the opportunity for release on bond, were detained in violation of the INA and due process. 2025 WL 3205356, at *10-26 (D Nev. Nov. 17, 2025). The Court incorporates by reference and adopts those same legal conclusions and findings here.

As an initial matter, the Court has habeas jurisdiction to review Petitioner's challenge to the lawfulness of his detention, because the relevant jurisdiction stripping provisions of the INA, 8 U.S.C. § 1252 do not apply. See Escobar Salgado, 2025 WL 3205356, at *8-10; Hernandez Duran v. Bernacke, 2:25-cv-2105-RFB-EJY, 2025 WL 3237451, at *4 (Nov. 19, 2025).

The Court also fully incorporates by reference its prior finding that administrative exhaustion is excused as futile due to the BIA's decision in Hurtado. Jacobo Ramirez v. Noem, No 2:25-cv-02136-RFB-MDC, 2025 WL 3270137, at *5-6 (D. Nev. Nov. 24, 2025).

---

Dec. 4, 2025); Carrillo Fernandez v. Knight, No. 2:25-cv-02221-RFB-BNW, 2025 WL 3485800 (D. Nev. Dec. 4, 2025); Pilar Torres v. Bernacke, No. 2:25-cv-02270-RFB-EJY (D. Nev. Dec. 8, 2025); Nolasco-Gomez v. Noem, No. 2:25-cv-02217-RFB-DJA (D. Nev. Dec. 8, 2025); Ramirez-Contreras v. Noem, No. 2:25-cv-02218-RFB-EJY (D. Nev. Dec. 8, 2025); Rodas v. Noem, No. 2:25-cv-02216-RFB-BNW (D. Nev. Dec. 8, 2025); Perdomo-Gonzalez v. Noem, No. 2:25-cv-02121-RFB-EJY (D. Nev. Dec. 8, 2025).

1    The Court finds that Petitioner has satisfied the Winter factors and is therefore entitled to
2    a preliminary injunction ordering a bond hearing pursuant to 8 U.S.C. § 1226(a). Winter v. Natural
3    Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (setting forth factors for preliminary injunction). To
4    obtain a preliminary injunction, a plaintiff must establish four elements: (1) a likelihood of success
5    on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary
6    relief, (3) that the balance of equities tips in its favor, and (4) that the public interest favors an
7    injunction. Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1071 (9th Cir.
8    2014), as amended (Mar. 11, 2014) (citing Winter, 555 U.S. at 22).

9    The Court finds Petitioner has established a likelihood of success on the merits of his
10   statutory and due process challenges to his continued detention for the same reasons set forth in
11   Escobar Salgado regarding Petitioners Reyes-López and Mena-Vargas. First, in regard to the INA
12   challenge, Respondents have asserted in similar cases that § 1225(b)(2) applies to individuals like
13   Petitioner and mandates their detention without a bond hearing. See, e.g., Escobar Salgado, 2025
14   WL 3205356, at *10. Petitioner argues this interpretation of the statutory scheme of §§ 1225 and
15   1226 is erroneous, and that he, as a long-time resident arrested in the interior, is subject to §
16   1226(a). This Court agrees with Petitioner and incorporates by reference its holding and findings
17   in Escobar Salgado. 2025 WL 3205356, at *10-22. Further, the Court finds Petitioner has
18   established a likelihood of success on the merits of his procedural and substantive due process
19   challenges to his prolonged detention without an individualized bond hearing. The procedural due
20   process factors under Mathews v. Eldridge weigh heavily in favor of Petitioner because (1) the
21   private interest affected is the fundamental liberty interest in being free from imprisonment; (2)
22   the risk of erroneous deprivation is extraordinarily high where ICE and DHS agency officials have
23   sole, unguided, and unreviewable discretion to detain Petitioner without any individualized
24   showing of why his detention is warranted, nor any process for Petitioner to challenge the exercise
25   of that discretion; (3) the Government's interest in enforcing immigration laws is served by an
26   individualized determination by an immigration judge, based on a review of evidence presented
27   by the government and the noncitizen, as to whether an individual is dangerous or at risk of fleeing
28   removal proceedings, under existing, well-established procedures, *and* the government has no

interest in the unjustified deprivation of a person's liberty. See Mathews v. Eldridge, 424 U.S. 319, 334-35 (1976); see also Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022) (collecting cases and applying the Mathews test to a constitutional challenge to detention under 8 U.S.C. § 1226(a)). Finally, because Respondents have asserted no individualized justification—let alone a special or compelling justification—to continue to deprive Petitioner of his physical liberty, this Court finds that Petitioner is currently detained in violation of his substantive due process rights. See Escobar Salgado, 2025 WL 3205356, at *25.

Additionally, it follows inexorably from the Court's determination that Petitioner will continue to be deprived of his physical liberty unconstitutionally in the absence of an injunction that Petitioner has met his burden to show immediate and irreparable harm. See Hernandez v. Sessions, 872 F.3d 976, 995 (9th Cir. 2017). Likewise, the minimal, if not nonexistent, burden on the government by adhering to an established bond hearing process, as compared to the preventable human suffering, *e.g.*, the financial and emotional burdens on both Petitioner and his family, in addition to the fundamental harm of arbitrary detention without meaningful due process, demonstrates that the balance of the equities and public interest tip sharply in Petitioner's favor. Id. at 995-96 ("the public interest benefits from an injunction that ensures that individuals are not deprived of their liberty and held in immigration detention because of . . . likely unconstitutional process.").

Based on the foregoing **IT IS HEREBY ORDERED** that Petitioner's Motion for a Preliminary Injunction is **GRANTED.**

**IT IS FURTHER ORDERED** that Respondents must provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) no later than **December 15, 2025**.

**IT IS FURTHER ORDERED** that Respondents are enjoined from denying Petitioner release on bond on the basis that he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2).

In the event that bond is granted, Respondents are **ORDERED** to immediately release Petitioner. The Court has received notice of the hardship other petitioners have incurred in their efforts to satisfy bond, and therefore, the Court **FURTHER ORDERS** that Petitioner be afforded

1 **45 days** from the date of release to satisfy any monetary bond conditions.

2 **IT IS FURTHER ORDERED** that if the individualized bond hearing is not conducted by
3 **December 15, 2025**, Petitioner shall be immediately released until it is determined that his
4 detention is warranted under 8 U.S.C. § 1226(a).

5 **IT IS FURTHER ORDERED** that the parties shall file a status report on the status of
6 Petitioner's bond hearing by **December 16, 2025**. The status report shall detail if and when the
7 bond hearing occurred, if bond was granted or denied, and if denied, the reasons for that denial.

8 **IT IS FURTHER ORDERED** that on or before **December 22, 2025**, the parties shall file
9 a stipulated proposed scheduling order for full briefing on the merits of the Petition.

10 Lastly, **IT IS HEREBY ORDERED** that Respondents' Motion to Extend Time (ECF No.
11 6) is **denied** as moot.

12 A full written order on the Petition (ECF No. 1) will follow.

14 **DATED:** December 8, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**